IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER JENKINS, JR.,      )
                               )
            Plaintiff,         )
                               )
       v.                      )     Case No. 06-0688-CV-W-REL
                               )
PFIZER, INC., and              )
JANE PAULEY,                   )
                               )
            Defendants.        )

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Before the court is a motion to dismiss filed by
defendants Pfizer, Inc., and Jane Pauley on the grounds that
(1) plaintiff has failed to adequately allege that he
satisfied all of the prerequisites for filing a Title VII or
Missouri Human Rights Act ("MHRA") action, and (2) as
plaintiff's direct supervisor, defendant Pauley cannot be
held liable in her individual capacity under Title VII or
the MHRA.

In his original petition, plaintiff alleges the
following:  He was employed by defendant Pfizer as a sales
representative from May 24, 2005, until January 10, 2006.
During his employment, plaintiff met and exceeded all
reasonable performance expectations.  Throughout his
employment, he was forced to endure rules, procedures,
treatment, and racial comments to which Caucasian sales

representatives were not subject.  He filed complaints with the company's diversity program on October 22, 2005, and on November 16, 2005.  On January 10, 2006, he was fired due to his race and/or in retaliation for objecting to the race discrimination.

On June 6, 2006, plaintiff filed a petition in the Circuit Court of Jackson County alleging discrimination pursuant to Title VII of the Civil Rights Act, and the Missouri Human Rights Act.  On August 18, 2006, defendants removed the case to federal court.

On August 24, 2006, defendants filed a motion to dismiss.  On August 25, 2006, they filed an amended motion correcting allegations in the original motion.  Plaintiff filed a response on September 11, 2006, and defendants filed their reply on September 22, 2006.

## I.   *MOTION TO DISMISS*

The issue on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his claims.  Doe v. Hartz, 52 F. Supp. 2d 1027, 1049 (N. D. Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem.

Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). Thus, a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000); Doe, 52 F. Supp. 2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995); Carter v. State of Arkansas, 392 F.3d 965, 968 (8th Cir. 2004).

## A.  FAILURE ADEQUATELY TO PLEAD SATISFACTION OF PREREQUISITES

Defendants argue that because plaintiff, in his petition at paragraph three, alleges that "[a]ll conditions precedent to filing this action have been met" without being more specific, the petition should be dismissed as deficient. In support, defendants cite Hladki v. Jeffrey's Consol, Ltd., 652 F. Supp. 388 (D.C.N.Y. 1987).

3

Defendants' argument is without merit.  Federal Rule of Civil Procedure 9(c) states as follows:

> In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

In Hladki, the plaintiff failed to plead that all conditions precedent had been performed, and instead used that language in a response to a motion to dismiss.

In EEOC v. Mobil Oil Corp., 362 F. Supp. 786 (W.D. Mo. 1973), the court held that:

> EEOC's complaint under Title VII against employer is not jurisdictionally defective, even though complaint alleges only that EEOC has satisfied all necessary prerequisites to action. . . .  No merit is found in contention that more definite statement is necessary, in view of Rule 9(c) of Federal Rules of Civil Procedure.

The legal precedent in the Western District of Missouri is that, in accordance with Federal Rule of Civil Procedure 9(c), plaintiff's general allegation that all conditions precedent to filing the action have been met is sufficient.

Therefore, defendants' motion to dismiss on this basis will be denied.

**B.    *PROPER PARTY***

Next, defendant Pauley seeks dismissal of the petition as to her on the ground that a supervisor is not liable for

4

discrimination under Title VII or the Missouri Human Rights Act.

Plaintiff's complaint alleges that he was employed by defendant Pfizer for eight months, that his direct supervisor was defendant Pauley, that he exceeded all reasonable expectations in his work, that he complained of racial discrimination, and that he was fired.

Because Title VII only applies to employers, mere employees cannot be sued in their individual capacities. See Lenhardt v. Basic Inst. of Technology, Inc., 55 F.3d 377, 381 (8th Cir. 1995) ("[S]upervisors and other employees cannot be held liable under Title VII in their individual capacities."). See also Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 196 n.2 (2nd Cir. 2005) ("Title VII, while imposing liability on employers, does not impose liability on the supervisory personnel of employer"); Williams v. Seniff, 342 F.3d 774, 781 (7th Cir. 2003) ("[T]he court dismissed the Title VII claim against Mr. Toth in his individual capacity, recognizing that . . . no individual liability exists under Title VII"); Mandell v. County of Suffolk, 316 F.3d 368, 377 (2nd Cir. 2003) ("dismissal of plaintiff's Title VII claims against Gallagher in his personal capacity must be affirmed because

5

under Title VII individual supervisors are not subject to liability"); <u>Johnson v. University of Cincinnati</u>, 215 F.3d 561, 571 (6th Cir.) ("Under Title VII, Sharma cannot recover against Riedl and Ray in their individual capacities. It is well-settled in this circuit that a supervisor or employee cannot be held liable for a Title VII violation"), <u>cert</u>. <u>denied</u>, 531 U.S. 1052 (2000).

Plaintiff did not name defendant Pauley as a defendant in her official capacity; and there are no facts alleged in the complaint which would support a finding that she is being sued in her official capacity. Therefore, the law supports the motion to dismiss defendant Pauley as to the Title VII claim.

The Missouri Supreme Court has yet to interpret the Missouri Human Rights Act's definition of employer and therefore it is unclear whether individual officers or other employees of a corporate employer can be held liable as employers under the MHRA. When a state's highest court has not addressed the precise question of state law that is at issue, a federal court must decide what the highest state court would probably hold were it called upon to decide the issue. <u>Lenhardt v. Basic Institute of Technology, Inc.</u>, 55

6

F.3d 377, 380 (8th Cir. 1995); <u>Hazen v. Pasley</u>, 768 F.2d 226, 228 (8th Cir. 1985).

> The Missouri Supreme Court has considered analogous provisions in federal civil rights laws when interpreting the MHRA, <u>Midstate Oil Co. v. Missouri Comm'n on Human Rights</u>, 679 S.W.2d 842, 845-46 (Mo. 1984) (en banc), and we have observed that "federal employment discrimination decisions [are] 'applicable and authoritative under the MHRA.'" <u>Tart v. Hill Behan Lumber Co.</u>, 31 F.3d 668, 671 (8th Cir. 1994) (quoting <u>Lane v. Ground Round, Inc.</u>, 775 F. Supp. 1219, 1223 (E.D. Mo. 1991)). We see no reason to believe that the Missouri Supreme Court would not take analogous federal employment discrimination decisions into account if it were called upon to decide the issue that confronts us in the present case. Accordingly, in predicting what that court probably would decide on this issue, we will seek to construe the MHRA's definition of "employer" in a manner consistent with analogous federal decisions construing federal employment discrimination laws.

<u>Lenhardt v. Basic Institute of Technology, Inc.</u>, 55 F.3d at 380.

Because the Eighth Circuit previously predicted that the Missouri Supreme Court would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to individual liability, defendant Pauley is not an employer within the meaning of the MHRA and, accordingly, the motion to dismiss the petition as to defendant Pauley will be granted. <u>See</u> <u>Id</u>. at 381.

7

## II. CONCLUSION

Based on all of the above, I find that plaintiff's petition adequately alleges that all conditions precedent to filing this action have been met. I further find that plaintiff has failed to state a claim for which relief may be granted as to defendant Jane Pauley. Therefore, it is

ORDERED that defendants' motion to dismiss the petition in its entirety is denied. It is further

ORDERED that defendant's motion to dismiss the petition as to defendant Pauley is granted.

_/s/ Robert E. Larsen_
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 17, 2006

8