IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER JENKINS, JR.,            )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   Case No. 06-0688-CV-W-REL
                                     )
PFIZER, INC.,                        )
                                     )
            Defendant.               )

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
PORTIONS OF THE FIRST AMENDED COMPLAINT**

Before the court is a motion to dismiss portions of the amended complaint on the ground that plaintiff has not satisfied the administrative prerequisites for bringing a claim under the Missouri Human Rights Act ("MHRA"). I find that plaintiff's amended complaint alleges that he has done everything in his power to satisfy the administrative prerequisites for filing a claim in court for an alleged violation of the Missouri Human Rights Act. Therefore, defendant's motion to dismiss will be denied.

*I. BACKGROUND*

In his original petition, plaintiff alleged the following: He was employed by defendant Pfizer as a sales representative from May 24, 2005, until January 10, 2006. During his employment, plaintiff met and exceeded all reasonable performance expectations. Throughout his

employment, he was forced to endure rules, procedures, treatment, and racial comments to which Caucasian sales representatives were not subject. He filed complaints with the company's diversity program on October 22, 2005, and on November 16, 2005. On January 10, 2006, he was fired due to his race and/or in retaliation for objecting to the race discrimination.

On June 6, 2006, plaintiff filed a petition in the Circuit Court of Jackson County alleging discrimination pursuant to Title VII of the Civil Rights Act, and the Missouri Human Rights Act. On August 18, 2006, defendant removed the case to federal court.

On August 25, 2006, defendant filed a motion to dismiss. Plaintiff filed a response on September 11, 2006, and defendant filed its reply on September 22, 2006.

In an order dated October 17, 2006, I denied defendant's motion to dismiss, finding that plaintiff's allegation that "[a]ll conditions precedent to filing this action have been met" was sufficient under Federal Rule of Civil Procedure 9(c) and case law from the Western District of Missouri.

Plaintiff then requested leave to file an amended complaint. Leave was granted, and the amended complaint was

2

filed on October 27, 2006.  The amended complaint no longer includes the language quoted in the preceding paragraph.  Rather, it states at paragraph 3:

> Plaintiff received a "right to sue" letter from the EEOC and filed this action within 90 days of receiving his right to sue letter.  Plaintiff was entitled to a "right-to-sue" letter from the MHRC.

On October 31, 2006, defendant filed a motion to dismiss the MHRA claim in the amended complaint.

## I.   *MOTION TO DISMISS*

The issue on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his claims.  Doe v. Hartz, 52 F. Supp. 2d 1027, 1049 (N. D. Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations

3

omitted). Thus, a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir. 2000); Doe, 52 F. Supp. 2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995); Carter v. State of Arkansas, 392 F.3d 965, 968 (8th Cir. 2004).

Defendant argues that because plaintiff has admitted that he does not have a right to sue letter from the Missouri Human Rights Commission, he cannot establish that he has satisfied the prerequisites for filing a MHRA claim in court. In support of its motion, defendant cites one case, Gibson v. KAS Snacktime Co., 83 F.3d 225, 228 (8th Cir. 1996). That case is not on point, as the plaintiff in Gibson did indeed receive a right-to-sue letter from the Missouri Human Rights Commission. Rather, Gibson dealt with the statute of limitations and continuing violations.

I have been able to find no law on the issue of the failure of the Missouri Human Rights Commission to issue a right-to-sue letter after a claimant has done everything required of him, and neither party has pointed me to any. In an appellate brief submitted in the case of John W.

4

Hammond v. Municipal Correction Institution, 2003 WL 24238048, n.4 (October 30, 2003), the following is stated:

> The Court of Appeals also asks whether a Right to Sue letter from the EEOC gives rise to a right to sue under the MHRA. That is an issue that was not briefed at the lower court or trial court level and should receive no ruling by this Court. ***The Missouri Human Rights Commission, EEOC and Kansas City Human Relations Department have work sharing agreements that could affect how right to sue letters are issued and whether they are interchangeable. Because the issue is fairly complex*** and it has not been briefed below, we would ask this Court not to consider this issue.

(emphasis added).

It seems as if in Missouri, the law is not clear on how the EEOC's issuing a right-to-sue letter affects the willingness of the Missouri Human Rights Commission to issue one as well or to close its books. Plaintiff states that, according to the Missouri Human Rights Commission, the EEOC's issuing a right-to-sue letter ended Missouri's involvement. Defendant has failed to dispute that, either with facts or with law.

### III. CONCLUSION

I find that plaintiff's amended complaint alleges that he has done everything in his power to satisfy the administrative prerequisites for filing a claim in court for an alleged violation of the Missouri Human Rights Act.

Therefore, it is

ORDERED that defendant's motion to dismiss portions of the amended complaint is denied.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 14, 2006

6